PROB 12C
(7/93)

Report Date: January 15, 2014

## United States District Court

for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAN 16 2014

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

**Petition for Warrant or Summons for Offender Under Supervision**

Name of Offender: Thomas Jim Shippentower        Case Number: 0980 2:07CR02074-001

Address of Offender: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Name of Sentencing Judicial Officer: The Honorable Wm. Fremming Nielsen, Senior U.S. District Judge

Date of Original Sentence: May 27, 2008

Original Offense:      Crime on Indian Reservation-Sexual Abuse of a Minor, 18 U.S.C. §§ 1153 and 2243(a)

Original Sentence:     Prison 30 months            Type of Supervision: Supervised Release
                       TSR - 60 months

Asst. U.S. Attorney:   Thomas J. Hanlon            Date Supervision Commenced: November 29, 2013

Defense Attorney:      Rick Lee Hoffman            Date Supervision Expires: November 28, 2015

---

### PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number | Nature of Noncompliance

1 | **Special Condition #25**: You shall abstain from alcohol and shall submit to testing (including urinalysis and Breathalyzer), as directed by the supervising probation officer, but no more than six tests per month, in order to confirm continued abstinence from this substance.

**Supporting Evidence**: Thomas Shippentower consumed alcohol on December 29, and 31, 2013.

On January 3, 2014, the defendant reported for an office visit and admitted to consuming alcohol on the above dates. Mr. Shippentower reviewed and signed an admissions form acknowledging the aforementioned.

2 | **Special Condition #24**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising probation officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Thomas Shippentower used cocaine on December 31, 2013.

On January 3, 2014, the defendant reported for an office visit and admitted to using cocaine on the above date. Mr. Shippentower reviewed and signed an admissions form acknowledging the aforementioned.

3     **Special Condition #20**: You shall have no contact with any child under the age of 18, without the presence of an adult and approved in advance by the supervising probation officer. You shall immediately report any unauthorized contact with minor-aged children to the supervising probation officer.

**Supporting Evidence**: Thomas Shippentower had contact with a child under the age of 18 on January 12, 2014, without the presence of an adult and approved in advance by the supervising probation officer. The defendant also failed to report the unauthorized contact with the minor to his supervising probation officer.

On January 13, 2014, the defendant's girlfriend, Maranda Thompson, contacted the undersigned officer and reported on January 12, 2014, as she was getting off work, her 15-year-old daughter called her to report the defendant was in their backyard. She advised when her daughter asked the defendant what he was doing there, she noticed he had a knife and had cut himself. Ms. Thompson directed her daughter to go back inside the home and remain there until she arrived. Upon her arrival, Ms. Thompson contacted the defendant in the backyard. She related the defendant appeared to be intoxicated, as she could smell a strong odor of alcohol emitting from his breath. She related the defendant was distraught because he believed she was seeing another man. Ms. Thompson stated the defendant had cut his left hand and the side of his neck with the knife. She advised she was able to convince him to stop cutting himself and to give her the knife. However, the defendant then pulled some keys out of his pocket and started stabbing himself in the neck with the keys. Ms. Thompson then had her daughter call the police, at which time the defendant took off. It should be noted that later that evening, Ms. Thompson contacted this officer to report the defendant had taken her car without her permission and had sent her a text message stating he was at a local casino in Idaho.

4     **Standard Condition #3**: The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

**Supporting Evidence**: Thomas Shippentower failed to report to the U.S. Probation Office on January 13, 2014.

On January 13, 2014, the undersigned officer called Mr. Shippentower and his brother and left messages on their voice mail boxes directing the defendant to report for an office visit that same day before 5 p.m. Contact was also made with the defendant's mother, who related she would try to contact the defendant and have him report as directed. Later that day, the defendant's mother called the undersigned officer to report she had spoken with the defendant and had related this officer's message to him. She advised that although he said he would contact this officer, he also told her he believed he would be arrested if he reported. To date, the defendant has failed to report to the U.S. Probation Office.

5     **Special Condition #16**: You shall actively participate and successfully complete an approved state-certified sex offender treatment program. You shall follow all lifestyle restrictions and treatment requirements of the program. You shall participate in special testing in the form of polygraphs, in order to measure compliance with the treatment

Prob12C
Re: Shippentower, Thomas Jim
January 15, 2014
Page 3

    program requirements. You shall allow reciprocal release of information between the supervising probation officer and the treatment provider. You shall pay for treatment and testing according to your ability.

    **Supporting Evidence**: Thomas Shippentower failed to attend a sex offender counseling treatment session at Alliance Counseling on January 13, 2014.

    On January 13, 2014, personnel from Alliance Counseling contacted the undersigned officer to report the defendant had failed to show for his scheduled treatment session that day.

6    **Special Condition #23**: You shall undergo a substance abuse evaluation and, if indicated, enter into and successfully complete an approved substance abuse treatment program, including aftercare. You shall contribute to the cost of treatment according to your ability. You shall allow full reciprocal disclosure between the supervising probation officer and treatment provider.

    **Supporting Evidence**: Thomas Shippentower failed to attend intensive outpatient treatment sessions at Merit Resource Services (Merit) on January 13, and 14, 2013.

    On January 15, 2014, contact with Merit personnel revealed the defendant failed to attend his treatment sessions, as noted above.

7    **Mandatory Condition #2**: The defendant shall not commit another Federal, state, or local crime.

    **Supporting Evidence**: Thomas Shippentower was arrested on January 14, 2014, by the Umatilla Tribal Police Department, in Umatilla, Oregon, for taking a motor vehicle without permission (case number 14-0036).

    An incident report has been requested but has not yet been received. Contact with court personnel revealed the defendant posted a $500 bond and was released from custody that same day.

8    **Standard Condition #1**: The defendant shall not leave the judicial district without the permission of the court or probation officer.

    **Supporting Evidence**: On or about January 14, 2014, Thomas Shippentower traveled outside the judicial district without the permission of the court or probation officer.

    On or about January 14, 2014, the defendant traveled to Umatilla, Oregon, as noted in violation number 7, without the permission of the court or probation officer.

9    **Standard Condition #11**: The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

    **Supporting Evidence**: Thomas Shippentower failed to notify his supervising probation officer within seventy-two hours of his arrest in Umatilla, Oregon, on January 14, 2014.

Prob12C
Re: Shippentower, Thomas Jim
January 15, 2014
Page 4

      10      **Special Condition #24**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing, as directed by the supervising probation officer, but no more than six tests per month, in order to confirm continued abstinence from these substances.

      **Supporting Evidence**: Thomas Shippentower failed to report to Merit for a urinalysis test on January 14, 2014.

      On January 15, 2014, the undersigned officer received a notice from Merit personnel stating the defendant had failed to report to their office for a urinalysis test on January 14, 2014.

The U.S. Probation Office respectfully recommends the Court issue a warrant for the arrest of the defendant to answer the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 01/15/2014

s/Jose Vargas

Jose Vargas
U.S. Probation Officer

---

THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

Signature of Judicial Officer

Date Jan 16 2014